[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12549
Non-Argument Calendar

_____

D.C. Docket No. 2:14-cr-00003-WCO-JCF-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN MEDRANO-LIMON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 30, 2014)

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Ruben Medrano-Limon appeals his 38-month sentence, imposed at the low

end of the advisory guideline range after he pleaded guilty to one count of illegal

reentry, in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, Medrano-Limon argues that his sentence was substantively unreasonable on the ground that his previous legal permanent resident status and his limited criminal record warranted a downward variance from the guideline range.  After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  The party challenging the sentence bears the burden to show it is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

We examine whether a sentence is substantively reasonable in view of the totality of the circumstances and the § 3553(a) factors.  Pugh, 515 F.3d at 1190.[1] "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). We will not reweigh the relevant § 3553(a) factors, and will not remand for

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences. United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009). While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Here, Medrano-Limon has not shown that his sentence was substantively unreasonable. For starters, the district court indicated that it had considered the sentencing factors of 18 U.S.C. § 3553(a), and nothing in the sentencing hearing transcript suggests that the district court gave significant weight to an irrelevant factor. Moreover, we defer to the district court's weighing of the relevant factors unless the court committed a clear error, and we find none. Snipes, 611 F.3d at 872. As the record shows, the district court was concerned with Medrano's criminal record -- including his previous convictions for sexual assault of minors and physical retaliation against a victim, as well as his reentry into the United States under a false identity and his failure to register as a sex offender while in the United States -- and sought to ensure that the sentence properly punished him and had a deterrent effect. It weighed these factors against Medrano's personal characteristics and determined that a sentence of 38 months was appropriate. Ultimately, the court imposed a sentence that it deemed neither too long nor too

3

short in light of Medrano-Limon's personal characteristics and criminal history, and did not abuse its discretion in doing so.  Accordingly, we affirm the sentence as substantively reasonable.

**AFFIRMED**.